UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gregory Fykes,<br>Plaintiff,<br><br>v.<br><br>Mahle Behr Charleston, Inc.,<br>Defendant. | CASE NO.: 2:22-CV-1786-BHH-MGB<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

1. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the U.S. Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634 ("ADEA").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about March 10, 2022.

   c. This Complaint has been filed within 90 days of receipt of the EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Gregory Fykes, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4. The Defendant, Mahle Behr Charleston, Inc., upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 of Title VII and the ADEA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADEA.

1

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 of Title VII and the ADEA.

9.   Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or about April 2018, the Plaintiff began working for the Defendant as a Forklift Operator, and most recently held the title of Quality Technician.

11. The Plaintiff was fifty-seven (57) years old at the time of the events giving rise to this Complaint and was an older employee as defined by the ADEA.

12. During his employment with Defendant, the Plaintiff was subjected to discrimination by Production Manager, Corey Troilo, who had a practice of treating younger employees more favorably than the Plaintiff.

13. Over time, Mr. Troilo's discrimination against the Plaintiff escalated.  On or about June 30, 2021, as Plaintiff was throwing away his trash from break, Mr. Troilo got in Plaintiff's face and told him to "go do your fucking job," and attempted to snatch Plaintiff's bag out of his hands.

14.   Plaintiff reported this discrimination, mistreatment and inappropriate behavior to his supervisor, Becky Littley, and to Kezia Footman in Human Resources.

15.  In response to his reports of discrimination, the Plaintiff was suspended on July 1, 2021, ordered to turn in his badge and escorted out of the building.

16. Plaintiff was never relieved from his suspension and instead was terminated on or about July 6, 2021.

17.  The Defendant then replaced the Plaintiff with a less qualified younger employee (under 40).

18.  Any reason for the Plaintiff's termination stated by the Defendant is totally pretextual in nature.  In reality, the Defendant terminated the Plaintiff due to his age and reports of discrimination.

19. It was the duty of the Defendant, by and through its agents, servants and employees, to prevent such acts of discrimination from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADEA – Age Discrimination

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

2

21. The Plaintiff is a member of a protected group on the basis of his age. The Plaintiff is an individual over forty (40) years old and was an employee in a position for which he was qualified. However, he was terminated from his position due to his age in violation of Title VII and the ADEA.

22. The Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff due to his age;

    b. In replacing the Plaintiff with a younger, less qualified individual; and

    c. In other particulars which discovery may show.

23. Plaintiff's age was a determining factor in the disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, he would not have been terminated.

24. The Defendant violated the ADEA by allowing discrimination to exist in the workplace.

25. As a direct and proximate result of the discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from a loss of income, loss of benefits and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADEA – Retaliation

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. As alleged above, the Plaintiff complained to the Defendant on several occasions about age discrimination.

28. That Plaintiff's complaints were made in good faith and constitute protected activity under Title VII and the ADEA.

29. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of Title VII and the ADEA.

30. The Plaintiff's reports of age discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of age discrimination, he would not have been terminated.

31. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII and the ADEA.

32. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII and the ADEA.

## REQUEST FOR RELIEF

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits, expenses associated with finding other work, and has also suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation and loss to professional standing, character and reputation.

35. The Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff; therefore, the Plaintiff is entitled to have his lost wage amount doubled against the Defendant.

36. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against Defendant for back pay and all lost or diminished benefits;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for double the amount of his lost wages;

5. Judgment in favor of the Plaintiff and against Defendant for compensatory damages;

6. Judgment in favor of the Plaintiff and against Defendant for prejudgment interest, attorney's fees and costs as may be allowed by law;

7. Judgment in favor of the Plaintiff and against Defendant for any other relief this Honorable Court deems just, proper and allowable under the law.

4

**WIGGER LAW FIRM, INC.**

s/Matthew Ryan McKaig
Matthew Ryan McKaig (Fed. ID# 13160)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 7, 2022.